UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MELINDA ADKINS, et al.,

      Plaintiff,

   v.

UNION PACIFIC RAILROAD COMPANY, et al.,

      Defendants.

Case No. 2:21-cv-01818-MMD-EJY

**ORDER**

The Court reviewed the Joint Status Report at ECF No. 129, which primarily concerns commencement of discovery in this putative class action matter. For reasons that are not entirely clear, Plaintiffs anticipate disagreement with the scope of initial discovery all parties agree Defendants should be allowed to conduct regarding Plaintiffs' respective background information. Plaintiffs seek to file the ultimate agreed upon scope of discovery, and state that if agreement is not reached the Court should schedule a hearing to resolve the dispute. Plaintiffs provide no date by which a planned motion to amend their complaint must be filed.

The Court finds the parties ***must***, in good faith, the spirit of compromise, and toward the goal of reaching agreement, meet and confer about the scope of initial discovery to be conducted. The first meeting **must** be in person or by video conference and **must** take place no later than **2 p.m. (P.D.T) on April 10, 2026**. No later than **April 7, 2026**, the parties **must** simultaneously exchange their respective lists (at **12 noon P.D.T**) of the initial discovery requests to be propounded on each Plaintiff. Each sides proposed list should not be individualized but the same for all Plaintiffs. If a discovery request does not apply to a particular Plaintiff, that Plaintiff may respond to the request with words to the effect that the request is not applicable.

The exchange of proposed discovery requests will hopefully narrow the scope of disagreement and allow the parties to focus at the meet and confer on areas on which agreement is not apparent. Since this case is already five years old, initial global discovery into past medical issues may predate the commencement of the case by seven years. After initial discovery is

1

completed, disclosure of additional history **may** be appropriate for some Plaintiffs.  The parties **must** continue to meet and confer, as many times as necessary, through **April 20, 2026**, discussing the specifics of the initial discovery requests until they reach agreement or impasse.

During the meet and confer process, Plaintiffs **must** provide Defendants with a date by which their motion to amend will be filed (no later than the end of May 2026) and the proposed briefing schedule for the opposition (if any), and reply.  The parties **must** find compromise of these dates.

No later than **April 25, 2026**, the parties **must** submit a status report to the Court stating whether they have come to agreement regarding the scope of initial discovery requests and, if so, provide the date by which these requests will be served, the date for responses (including objections, if any), the date by which the motion to amend will be filed, and the dates by which the opposition and reply will be due.  The actual discovery to be conducted is **not** to be provided to the Court if agreement is reached.  If agreement is **not reached** on the scope of discovery, the joint status report must **include** a list representing **only** the proposed items on which the parties **do not agree**— Plaintiffs on one side, Defendants on the other (without providing the history of the negotiations unless absolutely necessary).  Even if there is disagreement, the joint status report **must** include the briefing schedule applicable to the motion to amend.

Following submission of the **April 25, 2026** status report, if agreement is reached, the Court will enter an order adopting the parties' proposal.  If agreement is not reached the Court will enter an order with or without a hearing that resolves the parties' differences.  To avoid motion practice, the Court will set initial discovery conferences to ensure matters proceed smoothly and/or to resolve disputes that need not be briefed.

IT IS SO ORDERED this 31st day of March, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2