UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MELINDA ADKINS, *et. al.*,

Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY, *et. al.*,

Defendants.

Case No. 2:21-cv-01818-MMD-EJY

**ORDER**

Pending before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint ("SAC"). ECF No. 141. The Court reviewed the Motion, Defendants' joint Response (ECF No. 144), and Plaintiffs' Reply (ECF No. 145). The Court finds as follows.

## I. Background

This case has volleyed between state and federal court since it commenced on January 6, 2021. ECF No. 129 at 2. As summarized in greater detail in the parties' joint status report, a class of 51 individuals originally brought this suit in the Eighth Judicial District Court alleging exposure to harmful toxic substances at the Clark County Government Center. *Id*. After leave to amend was granted in September 2021, the Plaintiff class expanded to 144 individuals. *Id*. Defendant Pharmacia promptly removed the case under the Class Action Fairness Act of 2005 ("CAFA"). *Id*. at 3.

In May 2022, the District of Nevada remanded the matter finding it lacked jurisdiction under CAFA's local controversy exception. *Id*. Defendant Pharmacia filed a Petition for Permission to Appeal the remand decision to the Ninth Circuit Court of Appeals. *Id*. At roughly the same time in state court, Defendants moved to dismiss Plaintiffs First Amended Complaint. After two hearings, the state court granted the motions to dismiss. *Id*. Plaintiffs appealed the decision to the Nevada Supreme Court. *Id*. Concurrently, the Ninth Circuit granted Defendants' motion to hold their petition in abeyance until after the Nevada Supreme Court reached its decision. *Id*. at 4.

In August 2024, the Nevada Supreme Court reversed the trial court and remanded the case for further proceedings. *Id*. At this point, the Ninth Circuit lifted its abeyance and held oral argument on the appeal pertaining to remand. Contemporaneously, the state trial court continued its remand hearing because of the unresolved jurisdictional question pending before the Ninth Circuit. *Id*. The parties dispute whether this constituted an abeyance. *See id*.

On December 29, 2025, the Ninth Circuit reversed this Court's remand order finding CAFA's local controversy exception did not apply. Following the Ninth Circuit's mandate, the federal case was reopened and the parties were ordered to file a series of status reports. ECF Nos. 119, 130. After multiple meet and confers, the parties agreed to the scope of initial uniform discovery and the deadline for Plaintiffs to file the pending Motion to Amend. ECF No. 135.

Plaintiffs submit their proposed SAC accomplishes three objectives. These include: (1) correcting misnomers in the case caption, (2) removing one Plaintiff who requested to be dropped from the lawsuit, and (3) adding nine new Plaintiffs. ECF No. 141 at 5-6. Plaintiffs highlight that although this case has been pending since January 2021, it is still in the early stage of litigation. *Id*. at 6. Given the pending appeals before the Nevada Supreme Court and the Ninth Circuit, Plaintiffs state that their Motion was filed at the "first real opportunity to amend its First Amended Complaint." *Id*.

Defendants do not oppose Plaintiffs' Motion to the extent it corrects errors in the caption and removes a Plaintiff. ECF No. 141 at 2. However, Defendants "vigorously oppose" the request to add nine additional Plaintiffs essentially because this case is over five years old. *Id*. Defendants contend Plaintiffs do not meet their burden to justify amending the Complaint, contending they could have done so much earlier; that is, any time after the Nevada Supreme Court's reversal in August 2024 because the trial court did not formally hold the case in abeyance pending the Ninth Circuit's decision. *Id*. Defendants further submit the newly proposed plaintiffs should have known about the existence of this lawsuit much earlier given news coverage in 2021. *Id*. Defendants also argue, without offering any supporting law, that if the present amendment is granted the Court should foreclose any future amendment to add plaintiffs. *Id*.

## II. Discussion

a. Plaintiffs' Motion is Granted.

The Court has broad discretion to grant an amendment to a complaint and may freely do so "when justice so requires." Fed. R. Civ. P. 15(a)(2). Denial of a leave to amend may be justified if the proposed amendment will cause undue delay, undue prejudice to the opposing party, a request to amend is made in bad faith, a party has repeatedly failed to cure deficiencies, or the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 533 (9th Cir. 2008). Contrary to Defendants' assertion, it is their burden as the party opposing amendment to show "showing prejudice, futility, or one of the other permissible reasons for denying a motion to amend." *Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1060 (D. Ariz. 2003) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)). Of these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

Defendants do not meet their burden to demonstrate that amendment should be denied. *Farina*, 256 F.Supp.2d at 1060. Indeed, the only factor Defendants argue in support of denying Plaintiffs' Motion is undue delay. ECF No. 144 at 4-6. Based on the facts presented, the Court finds undue delay is an unpersuasive argument. Though the case has been pending since January 2021, it has not followed a typical path. That is, this case made its way to the Nevada Supreme Court and the Ninth Circuit Court of Appeals all before the first exchange of discovery. Without dispute, case discovery commenced in April of this year, after resolution of these appeals, and Plaintiffs' Motion was filed one month later. ECF No. 135. "A strong presumption against a finding of undue delay exists when a case is still in discovery." *Hologram USA, Inc. v. Pulse Evolution Corp.*, Case No. 2:14-cv-0772-GMN-NJK, 2015 WL 316900, at *3 (D. Nev. Jan. 23, 2015).

Moreover, even if there is some support for undue delay, the Ninth Circuit has repeatedly held that a showing of undue delay alone is insufficient to overcome Fed. R. Civ. P. 15(a)'s liberal pleading policy. *E.g. United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir.

2016) ("Undue delay by itself is insufficient to justify denying leave to amend"), *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Underwood v. O'Reilly Auto Enterprise, LLC*, 342 F.R.D. 338, 346 (D. Nev. 2022) (collecting cases).

Based on the foregoing, the Court grants Plaintiffs' Motion to Amend. To the extent Defendants seek assurance that this will be the last amendment based on unrealized prejudice, the Court declines to do so.

b. The Parties Must Meet and Confer to Prepare a Discovery Plan and Scheduling Order.

A review of the docket shows no formal discovery plan and scheduling order has been entered in this matter. The parties must meet and confer no later than two weeks from the date of this Order and file a joint discovery plan and scheduling order no later than November 2, 2026. If for some reason the parties cannot agree on how discovery should proceed, they must file a single status report stating the discovery plan and schedule on which they do agree and provide individual plans and a schedule for those matter on which they do not agree.

## III. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 141) is GRANTED.

IT IS FURHTER ORDERED the Clerk of Court must detach the Second Amended Complaint at pages 10-88 of ECF No. 141 and file it on the docket as Plaintiff's Second Amended Complaint.

IT IS FURTHER ORDERED that the parties must meet and confer regarding preparation of a discovery plan and scheduling order no later than two weeks after the date of this order.

IT IS FURTHER ORDERED that the parties must submit a joint proposed discovery plan and scheduling order no later than November 2, 2026. If the parties cannot, for some reason, come to agreement, they must file a single status report stating the discovery plan and schedule on which

they do agree and provide individual plans and schedules for those matters on which they do not agree.

Dated this 2nd day of October, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE